**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 76–2056.**

United States Court of Appeals, Fifth Circuit.

March 16, 1978.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., William Kanter, Appellate Sect., Civ. Div., Rex E. Lee, Asst. Atty. Gen., Neil H. Koslowe, Dept. of Justice, Washington, D. C., for defendant-appellant.

James H. Doores, Amarillo, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The panel held that the United States can recover from the Texas Employers' Insurance Association the cost of medical services provided through a Veterans Administration hospital to an injured veter-

an-employee covered by the Texas Workmen's Compensation Act, Texas Rev.Civ. Stat.Ann. arts. 8306–8309 (Vernon 1967). A companion case, *United States v. Bender Welding & Machine Co.*, 558 F.2d 761 (5th Cir. 1977), allowed a similar recovery against an employer under the federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 *et seq.*

Explicitly in *Bender,* and implicitly in this case, we relied on the employee's assignment to the Veterans Administration of his rights against the compensation carrier. *See* 558 F.2d at 764–765. A Veterans Administration regulation, 38 C.F.R. § 17.48(d) (1976), expressly authorizes the assignment. The Association argues that Texas Rev.Civ. Stat. art. 8306, § 3 (Vernon 1967) makes such an assignment void. *See Texas Employers' Insurance Association v. United States,* 390 F.Supp. 142, 149–150 (N.D.Texas 1975); *Lively v. Blue Cross Hospital Service, Inc.,* 488 S.W.2d 474 (Tex.Civ.App. 1972) (no writ).

State law, however, does not control this case. The Veterans Administration promulgated § 17.48(d) under its statutory rulemaking power, 38 U.S.C.A. §§ 210(c), 621. The regulation has the force of federal law. Under the Supremacy Clause of the Constitution, Art. VI, cl. 2, a state may not condition a workmen's compensation scheme in a manner which frustrates the purpose of a national statute. *Nash v. Florida Industrial Commission,* 389 U.S. 235, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967) (denial of benefits for filing unfair labor practice charge conflicts with National Labor Relations Act).

Application of the federal regulation here is but a minor trespass on the state scheme. *See United States v. Kirkland,* 405 F.Supp. 1024, 1030 (E.D.Tenn.1975). The purpose of prohibiting assignments is to protect employees against the improvident distribution of benefits meant to sustain them during their period of disability and to protect them against old creditors' claims. This assignment does not apply to any compensation benefits except those based on the

reasonable charges for health care incurred. It operates to the benefit of the injured worker because it allows the Veterans Administration to give treatment first and worry later about whether the worker was entitled to free care because of inability to defray the costs, 38 U.S.C.A. § 610.

Also, the assignee here is the Government, not a private party. A recognized maxim of statutory construction is that "[a] general statute imposing restrictions does not impose them upon the Government itself without a clear expression or implication to that effect." *United States v. Wittek*, 337 U.S. 346, 358–359, 69 S.Ct. 1108, 1114, 93 L.Ed. 1406 (1949); *see Hancock v. Train*, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). In the federal context, this maxim explains why the anti-assignment provision in the Longshoremen's Act, 33 U.S.C.A. § 916, does not bar application of § 17.48(d). Several state courts have reached a similar conclusion in construing state anti-assignment laws. *Annot.*, 31 A.L.R.3d 532, 544 (collecting cases).

PETITION DENIED.