**Roberto D. PEREZ, Petitioner,**

v.

**Marian S. PEREZ, Respondent.**

**No. B–8298.**

Supreme Court of Texas.

Sept. 25, 1979.

---

M. M. Pena, Jr., San Antonio, for petitioner.

Cox, Smith, Smith, Hale & Guenther, Patrick K. Sheehan, San Antonio, for respondent.

STEAKLEY, Justice.

The issue in this case is whether military readjustment benefits paid to a husband spouse pursuant to federal statute are community property under Texas law. We hold they are not.

Roberto D. and Marian S. Perez were married on March 9, 1963; they were divorced seven and one-half (7½) years later on August 25, 1970. At the time of the marriage, Roberto was a first lieutenant in the United States Army Reserve. He served on active duty for sixteen and one-half (16½) years and attained the rank of major. He was involuntarily released from active duty, effective October 3, 1977.

A member of the Army Reserve who is involuntarily released from active duty, and "who has completed, immediately before his release, at least five years of continuous active duty" is entitled to a readjustment payment. 10 U.S.C. § 687(a). This payment is computed by multiplying his years of active service by two months' basic pay of his grade at the time of release. The payment is limited to an amount not more than two years' basic pay or $15,000, whichever amount is less. Under this formula, Roberto was entitled to and did receive $15,000 in readjustment benefits.

Marian brought this action against Roberto for a division of the readjustment benefits, the status of which was not determined in the divorce proceeding. She claims that a portion of the benefits were acquired during marriage and constituted community property as to which she and Roberto became tenants in common. She seeks partition and an award of her community interest.

The trial court ruled that the readjustment benefits were community property and awarded Marian $2,916.66, based on the six years and five months that the parties were married while Roberto was on active duty. The Court of Civil Appeals affirmed. 576 S.W.2d 447.

Marian asserts that Roberto's military readjustment benefits are analogous to military retirement benefits. She argues that readjustment benefits are a property right earned during active service and, like retirement benefits earned during marriage, constitute community property. See *Cearley v. Cearley*, 544 S.W.2d 661 (Tex. 1976). We disagree. The legislative history of the federal statute indicates a Congressional intent to provide a non-earned gratuity.

10 U.S.C. § 687 was enacted by Congress in 1956 to alleviate two related problems. The Korean War required the Army to recall a large number of reservists to active

duty. After the war many were no longer needed by the military because of their ages. Consequently, Congress concluded "that they should be given an equitable payment upon involuntary release from active military duty to help them again readjust to civilian life." H.R.Rep. No. 1960, 84th Cong., 2d Sess. 2 (1956).

The related problem was that of encouraging younger officers to remain with the military beyond their original term. It was shown to Congress that the excessive turnover of young reservists was "costly and detrimental to the military forces and the national security." *Id.* Readjustment benefits were an incentive for qualified reservists to remain on duty. Their doing so would aid the national defense since officers remaining for longer terms would stabilize the officer structure of the military. Senate Rep. No. 2288, 84th Cong., 2d Sess. 3 (1956).

It is further significant that Congress rejected the recommendation that the readjustment benefits be increased in relation to the time of service, that is, to those officers who had served over ten years. It was the view of the committee that there was no "good reason for changing the rate of pay because the person had served a certain number of years." H.R.Rep. No. 1960, 84th Cong., 2d Sess. 3 (1956).

The 87th Congress in 1962 amended 10 U.S.C. § 687 to increase the amount of readjustment benefits and the Congressional Reports echo the 1956 purposes of § 687 by making clear that the benefits were not earned wages:

> This readjustment payment is intended to provide these officers with a lump-sum payment which would enable them to readjust to civilian life, *and it is not intended as a "severance payment" for services previously rendered by the officers.*

H.R.Rep. No. 1007, 87th Cong., 1st Sess. 5 (1961) (italics added).

██ The separate property of a spouse consists of property owned or claimed by the spouse before marriage; the property acquired by the spouse during marriage by gift, devise, or descent; and the recovery for personal injuries sustained by the spouse during the marriage, except any recovery for loss of earning capacity during marriage. Tex.Fam.Code Ann. § 5.01 (1975); *see Graham v. Franco,* 488 S.W.2d 390 (Tex.1972). It is apparent that readjustment benefits were bestowed by Congress upon an involuntarily released member of the Army Reserve as an unearned gratuity; and that to classify these benefits as a gift under Texas property rules comports with stated federal objectives. *Cf. Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), where the Supreme Court of the United States in resolving a conflict between federal and state rules regarding the allocation of a federal entitlement placed a major emphasis upon whether recognition of the state rule would result in consequential injury to the objectives of the federal program. *See* also *Ramsey v. Ramsey,* 474 S.W.2d 939 (Tex. Civ.App.1972, writ dism'd).

Marian points out that Roberto has the option to transfer to a reserve unit as a commissioned officer or to revert to active duty status at the highest enlisted grade attained at the time he received his commission; and that thereby he could become eligible to receive retirement benefits. It is asserted that for this reason the rule applicable to military retirement benefits should also control the characterization of military readjustment benefits. This is not the problem at hand and we reserve the question of the nature of the benefits paid under such circumstances.

The judgments of the lower courts are reversed and judgment is rendered that Marian take nothing in her suit against Roberto.