Ex parte William Randall JOHNSON,
Relator.

No. B–8603.

Supreme Court of Texas.

Dec. 12, 1979.

Hand, Anderson & Johnson, David W. Anderson, Marlin, for relator.

Tom Moore, Waco, for respondent.

BARROW, Justice.

Relator, William Randall Johnson, brought this original habeas corpus proceed-ing after the district judge held him in contempt and committed him to jail for thirty days because of his failure to comply with that portion of the divorce decree which required him to deposit in the registry of the court for the benefit of his former wife "one-half of the proceeds of his monthly check from the Veterans Administration Retirement Fund." [1] Relator first sought to secure his release by application for writ of habeas corpus to the court of civil appeals, but that court denied his application. 583 S.W.2d 660.

The principal question presented is whether the supremacy clause of the United States Constitution [2] preempts enforcement by contempt of an order by the state court dividing a spouse's entitlement to disability compensation benefits from the Veterans' Administration for service-connected disabilities authorized by Title 38 of the United States Code. We hold that under the terms of this statute, these benefits are not to be treated as "property" and future benefits are not subject to division upon divorce as property. Therefore, under the supremacy clause the district court cannot imprison relator for violating such order. Accordingly, relator is ordered discharged.

Relator entered the United States Navy in 1947 as an enlisted man. He and Elizabeth Johnson were married in 1951. In July 1959, relator was given a medical discharge from the Navy. He was suffering lateral sclerosis and arthritis of the spine which were service connected and 100 percent disabling at the time of his discharge. He was entitled to and began receiving disability retirement pay. However, in March 1970, relator executed a waiver of his retirement pay in order to receive the larger disability compensation benefits in question from the Veterans' Administration. The waiver and exchange of benefits is provided for in 38 U.S.C. § 3105. These benefits are unrelated to length of service, but are based solely upon disability. Relator is not entitled to longevity retirement.

---

1. This order does not relate to child support payments. Cf. 42 U.S.C. § 659.

2. U.S.Const. art. VI, cl. 2.

Although he is classified at the present time as 100 percent disabled, this rating is subject to periodic review by the Veterans' Administration and the amount of his compensation is based on his condition at the time of review. 38 U.S.C. §§ 314, 334.

The payment to relator was not an earned property right which accrued to him by reason of his years of service in the Navy, but was for a service-connected disability. It has been held that veterans benefits are gratuities and establish no vested rights in recipients, but may be withdrawn at any time and under any condition Congress may choose. *Milliken v. Gleason,* 332 F.2d 122 (1st Cir., 1964), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703. In determining the nature of such an award by the Veterans' Administration, it is provided by 38 U.S.C. § 211(a) as follows:

> "[E]xcept as provided, . . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

It is thus apparent that the compensation to relator is a payment personal to him from the government for service-connected disease sustained in the military service and is not the result of an earned property right. *Ramsey v. Ramsey,* 474 S.W.2d 939 (Tex. Civ.App.—Eastland 1971, writ dism'd).

Our precise question is whether the supremacy clause of the United States Constitution preempts a division of such benefits. 38 U.S.C. § 3101(a) provides in part:

> "Nonassignability and exempt status of benefits
>
> "Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

In *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the Supreme Court held that benefits payable under the Railroad Retirement Act and the expectation of ultimately receiving future benefits under the Act are not subject to division by a state court as "property" upon divorce.

It was further held that the California state court was precluded from applying its community property law to award the wife an interest in the husband's expectation of ultimately receiving benefits under the Act since, under the supremacy clause, such an award would impermissibly conflict with the provisions of the Act, in that (1) to order the husband to pay the wife an appropriate portion of his benefit, or its monetary equivalent, as he received it, would (a) run contrary to the language and purpose of § 231m, which exempts benefit funds from legal process and is meant to insure that benefits actually reach the intended beneficiary, and (b) mechanically deprive the husband of a portion of the benefit Congress, by cutting off a divorced spouse's benefits in 45 U.S.C. § 231d(c)(3), has indicated is designed for the employee spouse alone, and (2) to order an offsetting award to the wife of present community property to compensate her interest in her husband's expected benefit would (a) improperly "anticipate" benefits payment, in violation of § 231m, by allowing the wife to receive her interest before the date Congress has set for any interest to accrue, and (b) frustrate the statutory policy of protecting the employee since the award would impair the husband's economic security.

In *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), the Supreme Court concluded that the California community property law conflicted with certain provisions of the National Service Life Insurance Act which provided that payments to the named beneficiary "shall be exempt

from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 3101(a). It was held that the judgment of the California court which awarded one-half of the insurance proceeds to the serviceman's widow in accordance with that state's community property laws, nullified the soldier's choice and frustrated the deliberate purpose of Congress. It was therefore set aside. This holding was cited with approval in *Hisquierdo v. Hisquierdo, supra.*

In *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979), we were presented with the question of whether the supremacy clause of the United States Constitution preempted a division of a spouse's entitlement to benefits under the Railroad Retirement Act. We held that our disposition of the case was controlled by the *Hisquierdo* decision and that the award of 40 percent of the monthly railroad retirement benefits to the non-employee spouse as a division of the property of the parties was. erroneous and must be reversed.

In *Perez v. Perez*, 587 S.W.2d 671 (Tex. 1979), we held that military readjustment benefits paid to a spouse pursuant to a federal statute were *not* community property under Texas law. In doing so, we determined that the legislative history of the statute providing such benefits to an involuntarily released member of the Army Reserve indicated a Congressional intent to provide a non-earned gratuity. In accordance with the holding in the *Hisquierdo* case, we carried out such Congressional intent and classified these benefits as a gift under Texas property rules to comport with the stated federal objectives.

The *Hisquierdo* holding is determinative of the question presented here although our case involves disability compensation benefits from the Veterans' Administration rather than railroad retirement benefits. These benefits, like those provided by the Railroad Retirement Act, are not contractual. Congress may alter and even eliminate them at any time. Congress expressed

strong intent in both statutes that the benefits were intended for the use of the recipient. This is clearly seen in the statutory provisions relative to a veteran's dependents. A veteran may be entitled to an additional amount of compensation for a spouse, child, and/or dependent parent where the veteran is entitled to compensation based on a disability evaluation. 38 U.S.C. §§ 315, 335. However, upon divorce, this amount of additional compensation is eliminated. 38 U.S.C. § 3012(b)(2). This reduction was made here following the divorce.

Both statutes contain a strong prohibition against attachment and anticipation of the benefits. Section 231m of the Railroad Retirement Act provides in part that such payments shall not be subject to any "legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated . . .." Section 3101(a) of Title 38 provides in part that the disability compensation benefits shall not be assignable and "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

We hold that the award to relator's spouse of 50 percent of his anticipated future disability benefits from the Veterans' Administration conflicts with the clear intent of Congress that these benefits be solely for the use of the disabled veteran. The diversion of future payments as soon as they are paid to him by the Veterans' Administration amounts to a seizure of the veteran's benefits for community property purposes and is in conflict with the exemption provision of the statute. Accordingly, relator may not be imprisoned for failing to make these preempted payments to his former wife.

Relator is ordered discharged.

GARWOOD, J., not sitting.