**Ex Parte Billy Bruce BURSON.**

**No. B–9915.**

Supreme Court of Texas.

April 22, 1981.

Rehearing Denied May 20, 1981.

Weeks, Chapman, Moore & Graham, Barbara Gibson, Austin, for relator.

Levy & Cowan, Robert Cowan, Jr., San Antonio, for respondent.

POPE, Justice.

This is a habeas corpus proceeding. Tex. R.Civ.Pro. 475. Relator, Billy Bruce Burson, brought this original proceeding after the district court held him in contempt and committed him to jail because of his failure to comply with that portion of a 1978 divorce decree which ordered him to pay to his ex-wife, Elizabeth Anne Burson Kasprzyk, $375.00 per month out of his Air Force disability retirement pay. Since the date of his divorce, Burson has waived his Air Force disability retirement pay in exchange for different benefits from the Veterans Administration. Burson argues that the district court cannot order him to pay over to Kasprzyk any portion of the Veterans Administration disability benefits because the supremacy clause of the United States Constitution preempts this area from the purview of state courts. We agree. We, therefore, grant the writ of habeas corpus and order Burson discharged.

The divorce decree awarded Burson all insurance, pensions, retirement benefits and other benefits arising out of his disability payment from the Air Force, but ordered:

1. 10 U.S.C. § 1201 in pertinent part states:
   § 1201. Regulars and members on active duty for more than 30 days:—retirement

   Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training under section 270(b) of this title [10 USC § 270(b)]) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section 1401 of this title [10 USC § 1401], if the Secretary also determines that— . . . .

2. This court is aware of the fact that the Supreme Court of the United States recently heard oral argument in the case of *McCarty v. McCarty,* no published opinion (Cal.App.1980), *cert. granted,* 49 U.S.L.W. 3139, 3661 (U.S. March 1, 1981) (No. 80–5), and that applications are pending in *Cose v. Cose,* 592 P.2d 1230 (Alaska 1979), *petition for cert. filed,* 48 U.S.L.W. 3627, 3108 (U.S. March 19, 1980) (No. 79–1469); *Russell v. Russell,* 605 S.W.2d 33 (Ky.1980), *petition for cert. filed,* 49 U.S.L.W.

Petitioner shall assign the $375.00 monthly payment from his Air Force disability check to Respondent; Petitioner will hold the $375.00 out of his monthly disability check in constructive trust for Respondent. The $375.00 monthly payment to Respondent will begin on August 5, 1978.

Burson has made no payments since October, 1979. On April 21, 1980, Kasprzyk commenced this contempt proceeding. After a hearing, the trial court adjudged Burson in contempt for disobedience of the divorce decree and ordered him committed in the Williamson County Jail until he purges himself by paying $3,375.00, the amount of the arrearages, and $571.00 attorney fees.

Burson is one hundred percent disabled by reason of cancer surgery. When, after twenty-four years of service, he left the Air Force on June 21, 1974, he elected to receive disability benefits under 10 U.S.C. § 1201 et seq.[1] This election was the source of his Air Force disability retirement pay. At the time of the divorce, Burson's military retirement pay was a vested right in the then community of Burson and Kasprzyk.[2] *Taggart v. Taggart,* 552 S.W.2d

3532, 3625 (U.S. Jan. 2, 1981) (No. 80–1132), and *Miller v. Miller,* 609 P.2d 1185 (Mont.1980), *petition for cert. filed,* 49 U.S.L.W. 3136, 3273 (U.S. Aug. 12, 1980) (No. 80–291). In these cases the question presented is whether federal law precludes the treatment of a spouse's military retirement pay as marital property subject to division between the spouses upon divorce.

This court is also aware that several states have recently ruled that all military retirement benefits are preempted from the purview of state divorce actions. *See Cose v. Cose, supra; Fenney v. Fenney,* 259 Ark. 858, 537 S.W.2d 367 (1976); *Ellis v. Ellis,* 191 Colo. 317, 552 P.2d 506 (1976); *Russell v. Russell, supra. See also Paulsen v. Paulsen,* 601 S.W.2d 873 (Ark. 1980); *Milhan v. Milhan,* 97 Cal.App.3d 41, 158 Cal.Rptr. 523 (1979), *rev'd,* 27 Cal.3d 765, 166 Cal.Rptr. 533, 613 P.2d 812 (1980); *Witcig v. Witcig,* 206 Neb. 307, 292 N.W.2d 788 (Neb. 1980).

Other states have held that there is no preemption. *In re Marriage of Milhan,* 27 Cal.3d 765, 166 Cal.Rptr. 533, 613 P.2d 812 (Cal.1980); *In re Marriage of Schissel,* 292 N.W.2d 421 (Iowa 1980); *In re Marriage of Weaver,* 606 S.W.2d 243 (Mo.App.1980); *Ebert v. Ebert,* 616 P.2d 379 (Mont.1980); *In re Marriage of Miller,* 609 P.2d 1185 (Mont.1980), *petition for cert.*

**194**

422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); Marvel, *Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses*, 94 A.L.R.3d 176 (1979); *see also* Keen, *Post Divorce Acquisitions of Community Property*, Marriage Dissolution 1980, at 0–4 thru 0–9 and 0–14 thru 0–20 (1980).

■ A district court, under our decisions, has the power to enforce a decree ordering a spouse to make payments out of the Air Force disability retirement pay. *United States v. Stelter*, 567 S.W.2d 797, 799 (Tex. 1978). If there is no appeal from the divorce court's division of the property, that decree may not be collaterally attacked. *Ex parte Sutherland*, 526 S.W.2d 536 (Tex. 1975); Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 163 (1962); *see also Constance v. Constance*, 544 S.W.2d 659 (Tex.1977).

■ The important fact which distinguishes this case from those cited above is that Burson, after the divorce decree, made an election to forego his Air Force disability benefits and to receive instead the disability benefits from the Veterans Administration.[3] Veterans Administration benefits, unlike Air Force disability retirement benefits, are not divisible or assignable. They are not property. 38 U.S.C. § 3101;[4] *Ex*

---

*filed*, 49 U.S.L.W. 3136, 3273 (U.S. Aug. 12, 1980) (No. 80–291). *See also Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975); *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659 (1977). The United States Supreme Court has previously denied certiorari in this type of case. *In re Marriage of Fithian*, 10 Cal.3d 592, 111 Cal. Rptr. 369, 517 P.2d 449, *cert. denied*, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48, *reh. denied*, 419 U.S. 1060, 95 S.Ct. 644, 42 L.Ed.2d 657 (1974); *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Civ. App.—El Paso), *cert. denied*, 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972).

Texas has long held that retirement plans are community property. *Herring v. Blakeley*, 385 S.W.2d 843 (Tex.1965). Even disability plans, which are considered a part of the overall employee benefit package, are community property. *Busby v. Busby*, 457 S.W.2d 551 (Tex. 1970); *Dominey v. Dominey, supra; Simmons v. Simmons*, 568 S.W.2d 169 (Tex.Civ.App.— Dallas 1978, writ dism'd).

There is no statute like sec. 231m of the Railroad Retirement Act found in the military retirement statutes. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979). Nor is there a parallel in the normal military retirement statutes to the protection of family annuities clause of 10 U.S.C. § 1440 nor the protection of veterans benefits of 38 U.S.C. § 3101. There is no express preemption, and we find no implied preemption. *Gaudion v. Gaudion*, 601 S.W.2d 805 (Tex.Civ.App.—Austin 1980, no writ). *See* Reppy, *Learning to Live With Hisquierdo*, 6 Community Property Journal 5 (Winter 1979). Thus, retirement plans, unless federally preempted, are community property. *Busby v. Busby, supra.*

3. 38 U.S.C. § 3105 states:
§ 3105. Waiver of retired pay.—Any person who is receiving pay pursuant to any

provision of law providing retired or retirement pay to persons in the Armed Forces, or as a commissioned officer of the Coast and Geodetic Survey or of the Public Health Service, and who would be eligible to receive pension or compensation under the laws administered by the Veterans' Administration if he were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation. To prevent duplication of payments, the department with which any such waiver is filed shall notify the Veterans' Administration of the receipt of such waiver, the amount waived, and the effective date of the reduction in retired or retirement pay.

4. 38 U.S.C. § 3101 states:
3101. Nonassignability and exempt status of benefits.—(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments. The provisions of this section shall not be construed to prohibit the assignment of insurance otherwise authorized under chapter 19 of this title [38 USC

parte *Johnson*, 591 S.W.2d 453 (Tex.1979). *See also Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Yiatchos v. Yiatchos*, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964); *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962); *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); *McCune v. Essig*, 199 U.S. 382, 26 S.Ct. 78, 50 L.Ed. 237 (1905); *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979); *Perez v. Perez*, 587 S.W.2d 671 (Tex.1979); *United States v. Stelter*, 567 S.W.2d 797 (Tex.1978); *Valdez v. Ramirez*, 574 S.W.2d 748 (Tex.1978); *Arrambide v. Arrambide*, 601 S.W.2d 197 (Tex. Civ.App.—El Paso 1980, no writ).

Military disability retirement pay and Veterans Administration benefits are established by different statutory schemes. *See*

10 U.S.C. §§ 1201 *et seq.*, 10 U.S.C. §§ 1331 *et seq.*, and 38 U.S.C. §§ 3101 *et seq.* The statutes control the property characterization of each and the fact of, or lack of, federal preemption of each.[5]

The trial court, at the contempt hearing, while recognizing the statutory distinction between Burson's Air Force retirement disability pay and Veterans Administration benefits, concluded that Burson could not by his voluntary act defeat the force of the divorce decree that had adjudicated community property as it existed and had vested at the time of the divorce. By analogy, while impossibility to comply with a court order will excuse compliance, *Ex parte Ramzy*, 424 S.W.2d 220 (Tex.1968); *Ex parte Rohleder*, 424 S.W.2d 891 (Tex.1967), one should not be permitted to claim the

---

§§ 701 et seq.], or of servicemen's indemnity. For the purposes of this subsection, in any case where a payee of an educational assistance allowance has designated the address of an attorney-in-fact as the payee's address for the purpose of receiving his or her benefit check and has also executed a power of attorney giving the attorney-in-fact authority to negotiate such benefit check, such action shall be deemed to be an assignment and is prohibited.

(b) * * *

(d) In the case of a person who—

(1) has been determined to be eligible to receive pension or compensation under laws administered by the Veterans' Administration but for the receipt by such person of pay pursuant to any provision of law providing retired or retirement pay to members or former members of the Armed Forces or commissioned officers of the National Oceanic and Atmospheric Administration or of the Public Health Service; and

(2) files a waiver of such pay in accordance with section 3105 of this title [38 USC § 3105] in the amount of such pension or compensation before the end of the one-year period beginning on the date such person is notified by the Veterans' Administration of such person's eligibility for such pension or compensation.

the retired or retirement pay of such person shall be exempt from taxation, as provided in subsection (a) of this section, in an amount equal to the amount of pension or compensation which would have been paid to such person but for the receipt by such person of such pay.

**5.** *See* (1) Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* [no federal preemption]: *General Dynamics Corp. v. Har-*

*ris*, 581 S.W.2d 300 (Tex.Civ.App.—Waco 1979, no writ); *Stone v. Stone*, 632 F.2d 740 (9th Cir. 1980); *American Telephone and Telegraph v. Merry*, 592 F.2d 118 (2d Cir. 1979); *Operating Engineers Local No. 428 Pension Trust Fund v. Zamborsky*, 470 F.Supp. 1174 (D.Ariz.1979). *In re Marriage of Hunt*, 78 Ill.App.3d 653, 34 Ill.Dec. 55, 397 N.E.2d 511 (1979). *See also* Reppy, *Community and Separate Interests in Pensions and Social Security Benefits After Marriage of Brown and ERISA*, 25 U.C.L.A. L.Rev. 417 (1978).

(2) Foreign Service Retirement, 22 U.S.C. §§ 1104 *et seq.*, [no federal preemption]: *Matter of Marriage of Rogers*, 45 Or.App. 885, 609 P.2d 877, *modified*, 47 Or.App. 963, 615 P.2d 412 (1980).

(3) Civil Service Retirement, 5 U.S.C. §§ 8331 *et seq.*, [no federal preemption; *see* 5 U.S.C. § 8345(j)(1)]: *Cowan v. Plsek*, 592 S.W.2d 422 (Tex.Civ.App.—Waco 1979, no writ); *Sims v. Sims*, 358 So.2d 919 (La.1978).

(4) Railroad Retirement, 45 U.S.C. §§ 231 *et seq.*, [preempted by supremacy clause]: *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979).

(5) Old Age, Survivors and Disability Insurance Family Benefit Plan (Social Security), 42 U.S.C. §§ 402 *et seq.*, [preempted by supremacy clause]: *In re Marriage of Hillerman*, 109 Cal.App.3d 334, 167 Cal.Rptr. 240 (Cal.App. 1980); *In re Marriage of Evans*, 85 Ill.App.3d 260, 40 Ill.Dec. 713, 406 N.E.2d 916 (Ill.App. 1980).

(6) Military Readjustment, 10 U.S.C. § 687, [preempted by supremacy clause]: *Perez v. Perez*, 587 S.W.2d 671 (Tex.1979).

excuse after voluntarily creating the impossibility. *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961); *Ex parte De Wees*, 146 Tex. 564, 210 S.W.2d 145 (1948).

We conclude that federal law empowered Burson to make an election. 38 U.S.C. § 3105. The relator in *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979), took almost identical actions to those taken by Burson. The *Ex parte Johnson* court relates these facts at 454:

> Relator entered the United States Navy in 1947 as an enlisted man. He and Elizabeth Johnson were married in 1951. In July 1959, relator was given a medical discharge from the Navy. He was suffering lateral sclerosis and arthritis of the spine which were service connected and 100 percent disabling at the time of his discharge. He was entitled to and began receiving disability retirement pay. However, in March 1970, relator executed a waiver of his retirement pay in order to receive the larger disability compensation benefits in question from the Veterans' Administration. The waiver and exchange of benefits is provided for in 38 U.S.C. § 3105. These benefits are unrelated to length of service, but are based solely upon disability.

The *Ex parte Johnson* relator was divorced in 1976; therefore, the only significant factual difference between that case and the present one is the fact that in *Ex parte Johnson* the relator waived his Navy retirement pay during the marriage and before the divorce, while Burson made his election after his divorce was finalized.

■ Military retirement pay, even after it is a vested right and a part of the community, under federal law, is subject to defeasance. This defeasance may occur through the service person's breach of good conduct, by his death, or by the service person's waiver of the retirement pay. *See* 10 U.S.C. § 1406; *Ex parte Johnson, supra*; Sandbote, *Military Retirement Benefits as Community Property: New Rules From the Supreme Court*, 24 Baylor L.Rev. 235, 237 (1972). A partial defeasance can occur if the service person is a retired regular officer of the uniformed services who holds a federal civilian position with the federal government. *See* 5 U.S.C. § 5532; *Puglisi v. United States*, 564 F.2d 403 (Ct.Cl.), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59, *reh. denied*, 436 U.S. 951, 98 S.Ct. 2860, 56 L.Ed.2d 794 (1977).

■ We now hold that a divorce decree cannot prohibit Burson from doing that which the federal law properly gave him a right to do. *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); *McJunkin v. Estate of McJunkin*, 493 S.W.2d 278 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.). *See also Texas Employers' Ins. Ass'n v. United States*, 569 F.2d 874 (5th Cir. 1978), *cert. denied*, 439 .U.S. 826, 99 S.Ct. 98, 58 L.Ed.2d 119 (1978).

Veterans Administration benefits are not divisible property. We held in *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 401 (Tex. 1979), that the federal supremacy clause and congressional intent will not permit the frustration of a federal law which grants benefits as a gratuity. Federal preemption of veterans benefits for disability does not leave room for their defeat, either by implication or indirection.

The relator is discharged.