**Christopher Joseph LORIA, Appellant,**

v.

**Sandra Sullivan LORIA, Appellee.**

**No. 01–05–00380–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

Delia M. Stephens, Houston, TX, for appellant.

Bill De La Garza, Bill De La Garza & Associates, P. C., Houston, TX, for appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellee, Sandra Loria, filed for divorce from appellant, Christopher Loria. At the hearing on the divorce, a dispute arose as to certain language in the Domestic Relations Order ("DRO") and the Final Decree of Divorce ("Decree") regarding appellant's military retirement pay. The trial court entered judgment on the DRO and Decree, retaining the objected-to language. In his sole issue,[1] appellant argues that the trial court erred in retaining the language in the DRO and Decree because they have the effect of dividing his disability benefits in violation of federal statutory law. We reverse and remand.

## BACKGROUND

At the hearing, appellant objected to the inclusion in the DRO of the following language:

15. This Member agrees not to merge the Member's disposable retirement pay with any other pension and not to pursue any course of action that would defeat Former Spouse's right to receive a portion of the disposable retired pay of Member. Member agrees not to take any action by merger *so as to cause a limitation in the amount of the total disposable retired pay* in which Member has a vested interest and, therefore, Member will not cause a limitation of Former Spouse's entitlement as described above. Member agrees to indemnify Former Spouse for any breach of this paragraph as follows:

If Member becomes employed or otherwise has his entitlement to military re-

---

1. Appellant's brief ostensibly presents two issues; however, they are analytically indistin-guishable. Therefore, we treat them as one.

tirement pay merged, which employment or other condition *causes a merger of member's disposable retirement pay,* Member will pay, or cause to be paid, directly to Former Spouse a monthly amount equal to the amount provided in paragraphs 5 et seq. above, under the same terms and conditions as if those payments were made pursuant to the terms of the Order. (Emphasis added). 17. For purposes of interpreting this Order, "military retirement" includes disposable retired pay to which Member would be entitled to for longevity of active service duty and/or reserve component military service *and all payments paid or payable under the provisions of Chapter 38 or Chapter 61 of Title 10 of the United States Code, before any statutory, regulatory or elective deductions are applied. It also includes all amounts of retired pay Member actually or constructively waives or forfeits in any manner and for any reason or purpose, including,* but not limited to, any waiver made in order to qualify for Veteran's Administration benefits. *It also includes any sum taken by Member in addition to or in lieu of retirement benefits,* but not limited to, voluntary separation incentive pay, or special separation benefits. (Emphasis added).

Appellant further objected to this language in the Decree:

"IT IS ORDERED AND DECREED that CHRISTOPHER JOSEPH LORIA shall not merge his military retired pay *with any other pension* and shall not pursue any course of action that would defeat, reduce, or limit SANDRA SULLIVAN LORIA'S right to receive SANDRA SULLIVAN LORIA's full separate-property share of CHRISTOPHER JOSEPH LORIA's retired pay as

awarded in this decree". (Emphasis added).

After hearing argument and testimony concerning, *inter alia,* the division of appellant's military retirement pay, the trial court elected to keep the objected-to language, and appellant's trial counsel consequently refused to sign those documents. Appellant timely filed this appeal.

## DISCUSSION

Appellant's sole issue is that the language in the Decree and the DRO has the impermissible effect of dividing his military disability benefits. The resolution of this case turns on the United States Supreme Court's interpretation of federal statutory law. In *Mansell v. Mansell,* the Supreme Court held that the Uniformed Services Former Spouses' Protection Act ("USFSPA") did not give state courts authority to treat total military retirement pay as community property, but rather, gave them the authority to treat disposable retirement pay as community property. 490 U.S. 581, 583, 109 S.Ct. 2023, 2025, 104 L.Ed.2d 675 (1989). The USFSPA expressly excluded from the definition of disposable retirement pay veteran's disability pay, thereby preempting state courts' inclusion of disability pay in the community property award.

The problem that arises is this: to prevent double-dipping, a military retiree who elects to receive disability pay must waive a corresponding amount of his military retirement pay. 38 U.S.C. § 3105; *Mansell,* 490 U.S. at 583, 109 S.Ct. at 2026. Because disability pay is exempted from federal, state, and local taxation, it is not surprising that many military retirees elect to waive a portion of their retirement pay in order to receive disability pay, thereby increasing their income by avoiding these taxes.[2] *See* § 3101(a) (exempt-

---

2. For example, if a military retiree is entitled to $2000 per month in retirement pay, and

$1000 in disability pay, he must waive $1000

ing disability pay from taxation); *Mansell*, 490 U.S. at 583, 109 S.Ct. at 2026.

The Texas Supreme Court has recognized that a servicemember has the right, by federal law, to waive military retirement pay for disability pay, even though this means that the servicemember can effectively unilaterally modify a divorce decree insofar as it allocates income attributable to prior military service. *Ex parte Burson*, 615 S.W.2d 192, 195–96 (Tex. 1981). Texas appellate courts, in the wake of *Mansell*, have also consistently held that trial courts do not have the authority to divide military retirement pay waived for disability pay. *In re Reinauer*, 946 S.W.2d 853, 857 (Tex.App.-Amarillo 1997, writ den'd); *Wallace v. Fuller*, 832 S.W.2d 714, 718 (Tex.App.-Austin 1992, no writ); *Gallegos v. Gallegos*, 788 S.W.2d 158, 160 (Tex.App.-San Antonio 1990, no writ).

In the instant case, the objected to language in the Decree and DRO—i.e., Member agrees not to take any action by merger so as to cause a limitation *in the amount of the total disposable retired pay* in which member has a vested interest— has the impermissible effect of precluding appellant from choosing, as is his right, to waive a portion of his retirement pay for disability. Appellee is still entitled to the agreed upon *percentage* of retirement pay the Decree and DRO establish. However, decisions of both the United States Supreme Court and our supreme court make the decree as presently worded impermissible because the wording affects the total amount.

Accordingly, we sustain appellant's point of error.

## CONCLUSION

We reverse the judgment of the trial court, and remand for modification of the decree and Domestic Relations Order consistent with this opinion.

of his retirement pay before he can receive his disability pay.