Opinion issued August 3, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00178-CV
  __________
 
MICHAEL ALLEN BAKER, Appellant
 
V.
 
KAREN RUTH DONOVAN, Appellee
 

 
 
On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 1987-34019
 

 
 
OPINION ON REHEARING
          We withdraw our Opinion of May 4, 2006 and issue this one in its stead. 
Appellant’s motion for rehearing is denied.
          Appellant, Michael Allen Baker, challenges the trial court’s order granting
relief to his ex-wife, appellee, Karen Ruth Donovan, on her Petition for Enforcement
and Clarification. In his sole issue, Baker contends that the trial court erred in
awarding Donovan $387.87 per month of Baker’s military retirement because it failed
to take into account his Veteran’s Administration (“VA”) disability pay and, thus,
failed to reduce the retirement pay by the amount of disability pay. We affirm.
Background
          Donovan filed for divorce on July 28, 1987. Thereafter, Donovan and Baker
agreed on the terms of the divorce, including a division of the property of the parties,
which was contained in an Agreed Final Decree of Divorce signed on October 16,
1987. The decree of divorce provided for conservatorship of the minor children of
the marriage and divided the parties’ property, including Baker’s military retirement
benefits.
          Baker was a Lieutenant Commander in the United States Navy with eleven
years, nine months of service at the date of divorce. The provision of the decree
dividing Baker’s military retirement benefits read as follows:
IT IS ORDERED AND DECREED that Petitioner, KAREN
RUTH BAKER, shall have judgment against and recover of and from
Respondent, MICHAEL ALLEN BAKER, 50% of MICHAEL ALLEN
BAKER’s present accrued benefit as of the date of this decree, in the
U.S. Military Retirement System, if, as, and when payable or paid to or
for Respondent, MICHAEL ALLEN BAKER. 

          Beginning March 1, 2002, Baker began receiving retirement pay of
approximately $5,000.00 per month, which included $1,069.00 designated as VA
disability pay. When Baker failed to pay Donovan’s portion of his retirement,
Donovan filed a petition to enforce and clarify the terms of the 1987 divorce decree
dividing Baker’s military retirement benefits. At trial, the parties stipulated:
          a.       Karen Ruth Donovan and Michael Allen Baker were divorced on
October 16, 1987;
 
          b.       Michael Allen Baker had been a member of the United States Navy for
eleven years and nine months on October 16, 1987;
 
          c.       Michael Allen Baker’s accrued interest in the United States Military
Retirement System was divided 50% to Karen Ruth Donovan and 50%
to Michael Allen Baker on October 16, 1987;
 
          d.       Michael Allen Baker’s interest in the United States Military Retirement
System accrued at the rate of 2.5% of base pay per year of service;
 
          e.       Michael Allen Baker’s base pay per month on October 16, 1987 was
$2,645.10;
 
          f.       Michael Allen Baker’s accrued interest in the United States Military
Retirement System was $775.75 per month on October 16, 1987; and
 
          g.       Michael Allen Baker retired from the United States Navy on or about
March 1, 2002. 

          The trial court found that the original form of the division of Baker’s military
retirement benefits in the decree was not specific enough to be enforceable by
contempt and that a clarifying order setting forth specific terms to enforce compliance
with the original division of property was necessary. The trial court clarified the
provisions of the decree dividing Baker’s military retirement benefits as follows:
The Court finds that on October 16, 1987, the date of divorce,
Respondent, Michael Allen Baker . . . (i) was a Lt. Commander in the
United States Navy, (ii) had been a member of the United States Navy
for 11 years and 9 months, (iii) had an accrued interest in the United
States Military Retirement System in the amount of $775.75 per month,
(iv) the community interest in the United States Military Retirement
System was 100%, and (v) Karen Ruth Donovan’s (formerly Karen Ruth
Baker) community interest was 50%.
 
IT IS THEREFORE ORDERED AND DECREED that Karen
Ruth Donovan have judgment against and recover from Michael Allen
Baker the sum of $387.87 per month of the disposable military
retirement pay of Michael Allen Baker. 

Motion for Enforcement and Clarification
          In his sole issue, Baker asserts that the trial court erred in awarding Donovan
$387.87 per month of his military retirement benefits because the trial court failed to
take into account his VA disability pay and, thus, failed to reduce the retirement pay
by the amount of disability pay. We disagree. 
          In a divorce, a trial court shall divide the parties’ marital estate in a manner that
the court determines is just and right, having regard for the rights of each party and
any children of the marriage. Tex. Fam. Code Ann. § 7.001 (Vernon 2003). 
However, once the marital estate is divided, a court may not amend, modify, alter, or
change the division of property made or approved in the decree of divorce or
annulment. Tex. Fam. Code Ann. § 9.007 (b) (Vernon 2003). An order to enforce
the division is limited to an order to assist in the implementation of or to clarify the
prior order and may not alter or change the substantive division of property. Tex.
Fam. Code Ann. § 9.007 (a) (Vernon 2003). An order that amends, modifies, alters,
or changes the division of property made or approved in a final decree of divorce is
beyond the trial court’s power and is unenforceable. Tex. Fam. Code Ann. § 9.007
(b).
          If the trial court finds that the original form of the division of property is not
specific enough to be enforceable by contempt, it may render a clarifying order
setting forth specific terms to enforce compliance with the original division of
property awarded by the divorce decree. See Tex. Fam. Code Ann. § 9.008 (Vernon
2003). Clarifying orders may more precisely specify the manner of carrying out the
property division previously ordered so long as the substantive division of the
property is not altered. McPherren v. McPherren, 967 S.W.2d 485, 490 (Tex.
App.—El Paso 1998, no pet.).
          We review a trial court’s denial of a motion for a clarification order for an
abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). A trial
court abuses its discretion when it acts in an unreasonable and arbitrary manner or
without reference to any guiding rules and principles or erroneously exercises its
power by making a choice that was not within the range of choices permitted by law. 
See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).
          In this case, Donovan filed a document with the trial court entitled “Petition for
Enforcement and Clarification.” In the petition, Donovan specifically requested the
trial court to issue an order that would require Baker to deliver a sum of money
equivalent to the amount of her interest in his U.S. Military Retirement System
retirement benefits due and owing to her. She also asked the court to enter a
clarifying order restating the terms of the order, decree, or judgment in a manner
specific enough to allow enforcement. Donovan requested that the clarifying order
set forth the monthly payment that is due to her from Baker’s retirement benefits. 
          Baker argues that the trial court erred in entering the clarification order because
it failed to reduce the amount of Donovan’s portion of Baker’s retirement benefit by
the reduction in Baker’s retirement benefits attributed to his VA disability payment. 
He argues that state and federal law require that the non-military spouse’s portion of
retirement benefits be reduced by the amount of VA disability benefits the military
retiree elects. See Ex parte Burson, 615 S.W.2d 192, 196 (Tex. 1981) (holding that
Texas courts cannot expressly or impliedly prohibit retired service member from
unilaterally waiving some or all of his “disposable retired pay” after divorce in
exchange for VA benefits); see also Freeman v. Freeman, 113 S.W.3d 277, 280 (Tex.
App.—San Antonio 2003, no pet.) (recognizing that trial courts are prohibited under
state and federal law from preventing future waiver of portion of retirement pay). 
          Although Freeman correctly states that a court cannot expressly or impliedly
prohibit a retired service member from unilaterally waiving some or all of his
disposable retired pay after divorce in exchange for VA benefits, if there is no appeal
from the divorce court’s division of the property, that decree may not be collaterally
attacked. Burson, 615 S.W.2d at 194. The record does not reflect that there was ever
an appeal from the divorce court’s original division of the property.
          Asking the court to consider Baker’s VA disability pay through a motion for
enforcement and clarification and not a motion to modify the divorce decree would
have required the trial court to alter or change the substantive division of property
and, thus, was a request beyond the power of the trial court. See Tex. Fam. Code
Ann. § 9.007(b). Such relief can only be considered upon the timely filing of a
motion to modify the divorce decree. See, e.g., Bloomer v. Bloomer, 927 S.W.2d 118,
119 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (providing proper method to
challenge characterization of military retirement benefits in final divorce decree). 
Accordingly, we hold that the trial court properly exercised its discretion when it
awarded Donovan $387.87 per month of Baker’s military retirement.
We overrule Baker’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks. 
Justice Keyes, concurring.