# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00769-CV

**Mary Ghrist, Appellant**

**v.**

**Roy Ghrist, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 378,930, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This appeal concerns the enforceability of an agreed divorce decree. Roy Ghrist is retired from the United States Air Force. Mary Ghrist is Roy's ex-spouse.[1] The parties were divorced in 1985 and agreed to a property division that included a 50-50 split of Roy's monthly Air Force "retirement" payments. The decree also contained a provision that "[a]ny election of benefits by Roy A. Ghrist shall not reduce the amount or the percentage of the retirement awarded to Mary S. Ghrist."[2]

It is undisputed that in 1989, Roy waived a portion of his Air Force "retirement" in order to receive an equal amount of disability benefit payments from the Veteran's Administration. *See* 38 U.S.C.A. § 3105 (West 1982 & Supp. 1985) (current version at 38 U.S.C.A. § 5305

---

[1] Because the parties share the same surname, we will refer to them by their first names.

[2] The portions of the decree relating to Roy's military "retirement" are reproduced in the Appendix.

(West 2002)).[3] Mary asserts that this change had the effect of unilaterally reducing the amounts she received each month from Roy's "retirement." *See Mansell v. Mansell*, 490 U.S. 581, 583, 584-93 (1989); *Ex parte Burson*, 615 S.W.2d 192, 194-96 (Tex. 1981). In 2003, Mary filed a petition for enforcement in which she alleged that "[c]ontrary to the Decree, [Roy] has failed to pay [Mary] any portion [of] the disability pay from the United States Air Force, and, after making an election to receive his disability pay from the Veteran's Administration, [Roy] has failed to pay [Mary] any portion of said disability pay." She relied on two chief contentions: (1) the "retirement" the parties had agreed to divide 50-50 in the decree included both Air Force retirement pay and Air Force disability pay, *see* 10 U.S.C. §§ 1201, 1401 (1982 & Supp. 1985); and (2) the election-of-benefits clause referenced above prohibited Roy from avoiding his obligation to pay her half of his Air Force disability retirement benefits by waiving a portion of his Air Force retirement to receive VA disability benefits. Mary prayed that the district court order Roy "to pay [her], monthly as said sums are received, fifty percent of the net amount of [Roy's] retirement and disability pay from the United States Air Force and United States Veteran's Administration."

Roy answered, asserting the affirmative defenses of estoppel and limitations, emphasizing that 18 years had elapsed since the divorce and almost 15 years had passed since Roy waived a portion of his Air Force "retirement" to receive VA disability benefits. Roy also asserted a plea in bar arguing that the district court had no jurisdiction to directly or indirectly apportion military retirement pay that has been waived to receive VA disability benefits or to prohibit such

---

[3] Mary suggests that Roy made this waiver in response to *Mansell v. Mansell*, 490 U.S. 581, 583, 584-93 (1989), which was decided that same year.

2

waivers. *See Mansell*, 490 U.S. at 594-95; *Ex parte Burson*, 615 S.W.2d at 196; *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 14 (Tex. App.—Waco 2002, no pet.).

In April 2004, a hearing was held on Mary's petition for enforcement. Only argument was presented, and no evidence was introduced. Mary agreed that Roy couldn't be prohibited from "elect[ing] to take the VA disability," but maintained that "the judgment prohibits him from reducing the amount she received by any such election. . . . The decree contemplates that he would pay over to her one half of this net amount. That's what we're asking that he be ordered to do. I don't care if he gets it from [the] VA." Responding to Roy's plea in bar, Mary urged that Roy was attempting an impermissible collateral attack on the long-final divorce decree that was barred by res judicata. *See Berry v. Berry*, 786 S.W.2d 762, 763 (Tex. 1990); *Jones v. Jones*, 900 S.W.2d 786, 788 (Tex. App.—San Antonio 1995, writ denied).

In August 2005, the district court signed an order denying Mary's petition for enforcement as a matter of law. It subsequently made findings of fact and conclusions of law. The court found that under "the formula for division of the military retirement contained in the Decree . . . it is apparent that [Mary] has lost money and will continue to lose money each month which she otherwise would receive as her one-half interest in [Roy's] military retirement directly due to his post-divorce receipt of a portion of this retirement benefit in the form of disability payments from the Veteran's Administration rather than continuing to receive all of his retirement monies from the United State Air Force itself." However, the court concluded that enforcement of the decree against Roy "as it relates to military disability benefits is barred," that Mary "may not enforce a claim for money lost based on military retirement monies paid to [Roy] by the Veteran's Administration due

3

to his disability," that Roy "may not be penalized nor held in contempt for receiving some of his retirement benefits as disability rather than all his retirement funds from the Air Force," and that "[m]ilitary disability funds paid as part of military retirement are not divisible."

Mary appeals. She brings two related issues disputing whether Roy can collaterally attack the divorce decree by opposing its enforcement where the decree is final and where the parties contractually agreed to it. On appeal, Roy re-urges his arguments that the district court had no jurisdiction to award Mary, directly or indirectly, half of his VA disability benefits or to effectively prohibit him from waiving Air Force retirement to obtain those benefits. However, he also disputes Mary's construction of the decree, urging that the instrument manifests the parties' intent to award Mary 50% of only his "disposable retired pay." Under the Uniformed Services Former Spouses Protection Act (USFSPA), which was in effect at the time the decree was entered, state courts may treat only "disposable retired pay" as community property subject to division. 10 U.S.C.A. § 1408 (West 1982 & Supp. 1985). The USFSPA defines "disposable retired pay" as the total monthly retired pay to which a member is entitled, excluding, among other things, amounts withheld for taxes, retired pay waived to receive VA disability benefits, and any military disability retirement. *Id.* § 1408(a)(4) (West 1982 & Supp. 1985). Thus, in Roy's view, the "retirement" that Mary was awarded did not include his disability payments (whether in the form of Air Force disability retirement or VA disability benefits). Accordingly, Roy's waiver of Air Force retirement to receive

4

VA disability could not have violated the decree's requirement that "[a]ny election of benefits . . . not reduce the amount or the percentage of the *retirement* awarded to Mary S. Ghrist."[4]

At this procedural juncture, the parties' dispute concerning the proper construction of the divorce decree is not properly before us. As demonstrated by the district court's findings of fact and conclusions of law, the final order on appeal denying Mary's petition for enforcement judgment was founded solely upon Roy's plea in bar. Consistent with this procedural context, Roy did not join issue below with Mary's construction of the divorce decree, but relied solely on his contentions that the relief Mary requested is preempted and barred by federal law. We will accordingly consider only those grounds as support for the district court's order—and these grounds, as we hold below, are sufficient. For the same reasons, we do not reach whether we must consider extrinsic evidence concerning the circumstances of the divorce decree that Mary introduced at the hearing on entry of judgment, or any implications of such evidence for our construction of the decree.

---

[4] Roy further suggests that his waiver of Air Force retirement to receive VA disability benefits was not an "election of benefits" under the meaning of the decree. He maintains that under chapter 73 of title 10, he could "elect" to accept reduced retirement pay in exchange for an annuity to Mary. 10 U.S.C.A. § 1431 (West 1982 & Supp. 1985). Under the USFSPA, this is termed "*an election* under chapter 73 of this title" and the amount of the reduction in retired pay is excluded from the "disposable retired pay" that state courts can treat as community property. 10 U.S.C. § 1408(a)(4)(F) (West 1982 & Supp. 1985) (emphasis added). Significantly, within the same subsection, Congress used different terminology to describe "amounts *waived* in order to receive" VA disability benefits. *Id.* § 1408(a)(4)(B) (emphasis added). According to Roy, this statutory context demonstrates that his obligation under the decree's election-of-remedies provision was merely to ensure that any spousal annuity he might later elect to provide Mary not be less than the amount of "disposable retired pay" she otherwise would receive—not, as she urges, to limit his right to waive Air Force retirement to obtain VA disability benefits.

We agree with the district court that the relief Mary requests is barred by federal law because she seeks directly or indirectly to obtain a portion of Roy's VA disability benefits, or to effectively prevent him from waiving his military retirement to obtain such benefits. *Mansell*, 490 U.S. at 594-595; *Ex parte Burson*, 615 S.W.2d at 194-96; *Loria v. Loria*, 189 S.W.3d 797, 798-99 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Limbaugh*, 71 S.W.3d at 14. Res judicata does not bar Roy from raising this defense to enforcement. *Ex parte Burson* also involved a collateral attack in which a serviceman relied on his right to unilaterally waive military retirement to receive VA disability benefits as a defense to the enforcement of a divorce decree that purported to pay his ex-spouse a specified portion of his military retirement. *Ex parte Burson*, 615 S.W.2d at 194-96. The supreme court also relied on the fact that federal law explicitly makes VA disability benefits (unlike military retirement benefits) non-divisible and non-alienable, suggesting that this federal limitation would preempt any state res judicata principles that might otherwise apply and/or would render void any state court order that purported to directly or indirectly award such benefits. *Ex parte Burson*, 615 S.W.2d at 196 & n.4 (citing *Hisquierto v. Hisquierto*, 439 U.S. 572 (1979)); *see* 38 U.S.C.A. § 3105. None of the cases on which Mary relies in support of her res judicata argument address the implications of the federal anti-alienability provisions that govern VA disability benefits. Unless and until the Texas Supreme Court instructs us otherwise, we must continue to follow *Ex parte Burson* and, accordingly, we affirm the district court's order. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.).

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop;
        Dissenting Opinion by Justice Patterson

Affirmed

Filed:  May 11, 2007


## APPENDIX

Excerpts from the divorce decree relating to Roy's military "retirement":


The Court finds that, through the service of Roy A. Ghrist in the United States Air Force, United States Military Retirement . . . has been acquired during the marriage. . . .

Petitioner [Roy] and Respondent [Mary] were married on March 15, 1958, and their marriage lasted for 10 years or more, during which time Roy A. Ghrist served 10 or more years of creditable service toward retirement.

The Court finds that Roy A. Ghrist now receives a monthly retirement benefit of $772.00 gross and $625.00 disposable.  The Court further finds that the community interest in the monthly retirement benefit is fifty percent (50%).  The Court further finds that Respondent's fifty percent (50%) community interest is now equal to a monthly retirement benefit of $327.38.  The Court further finds that costs-of-living increases are made to the present retirement periodically and, in all probability, those costs-of-living related increases will occur in the future.

Roy A. Ghrist's rights under the Soldier's and Sailor's Civil Relief Act . . . were observed.

It is ORDERED and DECREED that Mary S. Ghrist shall have judgment against and recover from Roy A. Ghrist fifty percent (50%) of the present, disposable and future military retirement received each month by Roy A. Ghrist computing said amount by deducting from his "gross", withholding only, to reach his "net."  Any election of

7

benefits by Roy A. Ghrist shall not reduce the amount or the percentage of the retirement awarded to Mary A. Ghrist.

It is further ORDERED and DECREED that Roy A. Ghrist is hereby designated a constructive trustee for the benefit of Mary A. Ghrist for the purpose of receiving the retirement awarded to Roy A. Ghrist, and Roy A. Ghrist is ORDERED and DECREED to pay the amount thereof awarded in this decree to Mary S. Ghrist within three days after receipt of same by Roy A. Ghrist.

It is further ORDERED and DECREED that, upon receipt thereof, Roy A. Ghrist shall deliver by negotiable instrument the allocated portion of each such retirement benefit payment to Mary S. Ghrist by mail to her home address within three days of receipt.  All payments made directly to Mary S. Ghrist by the United States Government shall be a credit against this obligation.

The Court further finds at various times each year the United States Government furnishes a military retiree a Retired Pay Account Statement showing the gross amount of the retirement pay and the deductions being taken therefrom at the request of the military retiree.  It is therefore ORDERED and DECREED that Roy A. Ghrist shall, if, as, and when received by him, deliver to Mary A. Ghrist a legible copy of each Retired Pay Account Statement received by him from the United States Government by mail to her home address within five (5) days from receipt of same until such Retired Pay Accounts Statements are sent directly to her by the United States Government.


(Emphasis in original).