Stanley FREEMAN, Appellant,

v.

Sumiko FREEMAN, Appellee.

No. 04–03–00087–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 17, 2003.

Rehearing Overruled Jan. 14, 2004.

Anthony W. Walluk, San Antonio, for appellant.

Lucille G. Forrest, Universal City, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This appeal stems from a divorce action filed by Appellee Sumiko Freeman against Appellant Stanley Freeman. Stanley contested the divorce, and a trial on the merits was held. Although the parties were divorced in September of 2000, the final decree of divorce was not signed until October 21, 2002. The decree provided that Sumiko would receive a portion of Stanley's military retirement under community property laws and prohibited any modification of the retirement by Stanley. In addition, the decree ordered that Sumiko was to be the beneficiary of Stanley's military death benefit annuity. Stanley now appeals these terms of the divorce decree in four issues.

## BACKGROUND

Appellee Sumiko Freeman filed for divorce from appellant Stanley Freeman on September 24, 1998. Stanley contested the divorce, and a trial regarding the division of the property and assets of the parties was held on September 8, 2000. Following the trial, the court entered an associate judge's report which granted the divorce and set out some of the terms of the division of property. Pursuant to the report, Sumiko was granted 44% of Stanley's military retirement pay; Stanley was

also prohibited from reducing Sumiko's share of his retirement by an election or conversion of his military pay to any other form of payment.[1] The report did not speak to any award of survivor benefits resulting from Stanley's military retirement pay.

The final divorce decree was signed on October 21, 2002. The wording in the decree provided for Sumiko to receive "[a]ll right, title, and interest in and to 44% of the United States Air Force disposable retired pay" and "44% of all increases in the United States Air Force disposable retired pay due to cost of all increases in the United States Air Force disposable retired pay due to cost of living or other reasons, if, as, and when received." In addition, Stanley was specifically prohibited from reducing Sumiko's share of the military retirement "by any election or conversion of military retirement to any other form including veteran's benefits." The decree also dictated that Sumiko be named beneficiary under the Armed Services Survivor Benefit Plan and that Stanley's election to provide these benefits to Sumiko should not be altered or withdrawn by Stanley during his lifetime. Stanley now appeals the aforementioned divisions as stated in the divorce decree in four issues.

## DISCUSSION

■ In his first issue, Stanley asserts that the trial court erred in giving Sumiko a portion of his retired military pay because the issue has been preempted and limited by federal law. In 1981, the U.S. Supreme Court decided *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* mandated that military retirement benefits were the separate property of the retiree and not subject to community property division upon divorce between the retiree and his ex-spouse. Congress responded with the enactment of the Uniformed Services' Former Spouses' Protection Act (FSPA), 10 U.S.C. § 1408 (1983), which became effective on February 1, 1983. Texas law, as it existed prior to *McCarty*, was reinstated in § 1408(c)(1) which reads:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1)(1983); *See Cameron v. Cameron*, 641 S.W.2d 210, 212–13 (Tex. 1982); *O'Connor v. O'Connor*, 694 S.W.2d 152, 154 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). The FSPA defines "Disposable Retired Pay" as the total retired pay to which the member is entitled less amounts which are properly withheld for federal income tax purposes, are deducted as government life insurance premiums, and are deducted because of an election to provide for an annuity for a spouse. *Powell v. Powell*, 703 S.W.2d 434, 437 (Tex.App.-Waco 1985, writ ref'd n.r.e.).

In the case at hand, the divorce decree specifically provides for the award of "disposable retired pay made to Sumiko Freeman ... in compliance with the Uniformed Services' Former Spouses' Protection Act." Because the decree does not, as Stanley asserts, treat total retired pay as community property, but instead refers specifically to disposable retired pay as mandated in the FSPA, we overrule his first issue.

---

1. At the time of the divorce, Stanley Freeman had served approximately twenty years active duty in the United States Air Force.

■ In his third and fourth issues, Stanley argues the trial court erred in awarding Survivor Benefits Program dividends to Sumiko without any evidence and without awarding a similar dividend to him. The federal statutes pertinent to military retirement benefits permit a service member to purchase an annuity to provide a survivorship benefit to a spouse or dependent children. 10 U.S.C.A. § 1448 (West 2003). In addition, section 7.003 of the Family Code requires a divorce court to determine the rights of both spouses in any community-held annuity. *See* TEX. FAM.CODE ANN. 7.003 (Vernon 1998); *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 11 (Tex. App.-Waco 2002, no pet.). In the past, Texas courts have found that, pursuant to divorce, a husband could be prohibited from changing survivor benefit beneficiary in connection with military benefits. *Morris v. Morris*, 894 S.W.2d 859, 864 (Tex. App.-Fort Worth 1995, no writ).

The record shows that pursuant to the divorce decree, Stanley and Sumiko Freeman, through their attorneys of record, entered into an agreement for the equitable division of their community property. Upon the parties' request, the court approved the agreement. Among the items agreed to in the final decree, was the stipulation that Sumiko was to be named as beneficiary under the Armed Services' Survivor Benefit Plan. Because the trial court had the power to divide the Freemans' property in a just and right manner, and because the Freemans agreed to the division, the record supports the trial court's findings related to the beneficiary designation. Stanley's third issue is overruled.

■ Moreover, Stanley provides no authority in support of his fourth issue. Under Texas Rule of Appellate Procedure 38.1, Stanley failed to show support for his assertion that the court's designation of Sumiko as the beneficiary of his survivor benefits plan necessitates his designation as the beneficiary of a similar plan belonging to her. *See* TEX.R.APP. P. 38.1. For this reason, we overrule his fourth issue.

■ Finally, in his second issue, Stanley claims the trial court erred by prohibiting him from changing the manner in which he may receive his military retired pay. Stanley argues federal law has preempted this area and granted him a right to receive Veteran's Affairs benefits which cannot be modified by a state court. In *Ex Parte Burson*, the Texas Supreme Court found military retirement pay, even after it is a vested right and part of the community, to be subject to defeasance under federal law. 615 S.W.2d 192, 196 (Tex.1981) (orig. proceeding). The *Burson* court held that a divorce decree cannot prohibit a military retiree from doing that which the federal law gives him the right to do. *Id.* Under *Burson*, a Texas court cannot expressly or impliedly prohibit a retired service member from unilaterally waiving some or all of his disposable retired pay after divorce in exchange for VA disability benefits. *Id.*; *Limbaugh*, 71 S.W.3d at 17.

Just as the trial court in *Limbaugh* attempted to do, the trial court in this case sought to prevent Stanley from reducing his disposable retired pay in the future by waiving a portion of this pay for any other type of benefits, "including Veteran's benefits." This limitation is not permitted under Texas or federal law. For that reason we sustain Stanley's second issue.

The provisions of the Freemans' final divorce decree awarding Stanley's disposable retirement benefits to Sumiko and naming her as the beneficiary of his Armed Services Survivor Benefit Plan are affirmed. However, the provision in the decree restricting Stanley's right to elect

or convert any portion of his disposable retired pay is deleted.