Michael Allen **BAKER**, Appellant,

v.

Karen Ruth **DONOVAN**, Appellee.

No. 01–05–00178–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 3, 2006.

Richard S. Browne, Houston, for appellant.

Bruce R. Steffler, Houston, for appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

**OPINION ON REHEARING**

GEORGE C. HANKS, JR., Justice.

We withdraw our Opinion of May 4, 2006 and issue this one in its stead. Appellant's motion for rehearing is denied.

Appellant, Michael Allen Baker, challenges the trial court's order granting relief to his ex-wife, appellee, Karen Ruth Donovan, on her Petition for Enforcement and Clarification. In his sole issue, Baker contends that the trial court erred in awarding Donovan $387.87 per month of Baker's military retirement because it failed to take into account his Veteran's Administration ("VA") disability pay and, thus, failed to reduce the retirement pay by the amount of disability pay. We affirm.

**Background**

Donovan filed for divorce on July 28, 1987. Thereafter, Donovan and Baker agreed on the terms of the divorce, including a division of the property of the par-

ties, which was contained in an Agreed Final Decree of Divorce signed on October 16, 1987. The decree of divorce provided for conservatorship of the minor children of the marriage and divided the parties' property, including Baker's military retirement benefits.

Baker was a Lieutenant Commander in the United States Navy with eleven years, nine months of service at the date of divorce. The provision of the decree dividing Baker's military retirement benefits read as follows:

> IT IS ORDERED AND DECREED that Petitioner, KAREN RUTH BAKER, shall have judgment against and recover of and from Respondent, MICHAEL ALLEN BAKER, 50% of MICHAEL ALLEN BAKER's present accrued benefit as of the date of this decree, in the U.S. Military Retirement System, if, as, and when payable or paid to or for Respondent, MICHAEL ALLEN BAKER.

Beginning March 1, 2002, Baker began receiving retirement pay of approximately $5,000.00 per month, which included $1,069.00 designated as VA disability pay. When Baker failed to pay Donovan's portion of his retirement, Donovan filed a petition to enforce and clarify the terms of the 1987 divorce decree dividing Baker's military retirement benefits. At trial, the parties stipulated:

a. Karen Ruth Donovan and Michael Allen Baker were divorced on October 16, 1987;

b. Michael Allen Baker had been a member of the United States Navy for eleven years and nine months on October 16, 1987;

c. Michael Allen Baker's accrued interest in the United States Military Retirement System was divided 50% to Karen Ruth Donovan and 50% to Michael Allen Baker on October 16, 1987;

d. Michael Allen Baker's interest in the United States Military Retirement System accrued at the rate of 2.5% of base pay per year of service;

e. Michael Allen Baker's base pay per month on October 16, 1987 was $2,645.10;

f. Michael Allen Baker's accrued interest in the United States Military Retirement System was $775.75 per month on October 16, 1987; and

g. Michael Allen Baker retired from the United States Navy on or about March 1, 2002.

The trial court found that the original form of the division of Baker's military retirement benefits in the decree was not specific enough to be enforceable by contempt and that a clarifying order setting forth specific terms to enforce compliance with the original division of property was necessary. The trial court clarified the provisions of the decree dividing Baker's military retirement benefits as follows:

> The Court finds that on October 16, 1987, the date of divorce, Respondent, Michael Allen Baker ... (i) was a Lt. Commander in the United States Navy, (ii) had been a member of the United States Navy for 11 years and 9 months, (iii) had an accrued interest in the United States Military Retirement System in the amount of $775.75 per month, (iv) the community interest in the United States Military Retirement System was 100%, and (v) Karen Ruth Donovan's (formerly Karen Ruth Baker) community interest was 50%.

> IT IS THEREFORE ORDERED AND DECREED that Karen Ruth Donovan have judgment against and recover from Michael Allen Baker the sum of $387.87 per month of the disposable mili-

tary retirement pay of Michael Allen Baker.

## Motion for Enforcement and Clarification

In his sole issue, Baker asserts that the trial court erred in awarding Donovan $387.87 per month of his military retirement benefits because the trial court failed to take into account his VA disability pay and, thus, failed to reduce the retirement pay by the amount of disability pay. We disagree.

In a divorce, a trial court shall divide the parties' marital estate in a manner that the court determines is just and right, having regard for the rights of each party and any children of the marriage. TEX. FAM.CODE ANN. § 7.001 (Vernon 2003). However, once the marital estate is divided, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. TEX. FAM.CODE ANN. § 9.007(b) (Vernon 2003). An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property. TEX. FAM.CODE ANN. § 9.007(a) (Vernon 2003). An order that amends, modifies, alters, or changes the division of property made or approved in a final decree of divorce is beyond the trial court's power and is unenforceable. TEX. FAM.CODE ANN. § 9.007(b).

■ If the trial court finds that the original form of the division of property is not specific enough to be enforceable by contempt, it may render a clarifying order setting forth specific terms to enforce compliance with the original division of property awarded by the divorce decree. *See* TEX. FAM.CODE ANN. § 9.008 (Vernon 2003). Clarifying orders may more precisely specify the manner of carrying out the property division previously ordered so long as the substantive division of the property is not altered. *McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex.App.-El Paso 1998, no pet.).

■ We review a trial court's denial of a motion for a clarification order for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding rules and principles or erroneously exercises its power by making a choice that was not within the range of choices permitted by law. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ In this case, Donovan filed a document with the trial court entitled "Petition for Enforcement and Clarification." In the petition, Donovan specifically requested the trial court to issue an order that would require Baker to deliver a sum of money equivalent to the amount of her interest in his U.S. Military Retirement System retirement benefits due and owing to her. She also asked the court to enter a clarifying order restating the terms of the order, decree, or judgment in a manner specific enough to allow enforcement. Donovan requested that the clarifying order set forth the monthly payment that is due to her from Baker's retirement benefits.

Baker argues that the trial court erred in entering the clarification order because it failed to reduce the amount of Donovan's portion of Baker's retirement benefit by the reduction in Baker's retirement benefits attributed to his VA disability payment. He argues that state and federal law require that the non-military spouse's portion of retirement benefits be reduced by the amount of VA disability benefits the military retiree elects. *See Ex parte Burson*, 615 S.W.2d 192, 196 (Tex.1981) (holding that Texas courts cannot expressly or impliedly prohibit retired service member from unilaterally waiving some or all of his

"disposable retired pay" after divorce in exchange for VA benefits); *see also Freeman v. Freeman*, 133 S.W.3d 277, 280 (Tex.App.-San Antonio 2003, no pet.) (recognizing that trial courts are prohibited under state and federal law from preventing future waiver of portion of retirement pay).

Although *Freeman* correctly states that a court cannot expressly or impliedly prohibit a retired service member from unilaterally waiving some or all of his disposable retired pay after divorce in exchange for VA benefits, if there is no appeal from the divorce court's division of the property, that decree may not be collaterally attacked. *Burson*, 615 S.W.2d at 194. The record does not reflect that there was ever an appeal from the divorce court's original division of the property.

Asking the court to consider Baker's VA disability pay through a motion for enforcement and clarification and not a motion to modify the divorce decree would have required the trial court to alter or change the substantive division of property and, thus, was a request beyond the power of the trial court. *See* Tex. Fam.Code Ann. § 9.007(b). Such relief can only be considered upon the timely filing of a motion to modify the divorce decree. *See, e.g., Bloomer v. Bloomer*, 927 S.W.2d 118, 119 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (providing proper method to challenge characterization of military retirement benefits in final divorce decree). Accordingly, we hold that the trial court properly exercised its discretion when it awarded Donovan $387.87 per month of Baker's military retirement.

We overrule Baker's sole issue.

## Conclusion

We affirm the judgment of the trial court.

JUSTICE KEYES, concurring.

EVELYN V. KEYES, Justice, concurring on rehearing.

Appellant, Michael Allen Baker, challenges the trial court's order granting relief to his ex-wife, appellee, Karen Ruth Donovan, on her Petition for Enforcement and Clarification of their 1987 divorce decree. In the decree, the trial court awarded Donovan "50% of [Baker]'s present accrued benefit as of the date of this decree, in the U.S. Military Retirement System, if, as, and when payable or paid to or for Respondent, MICHAEL ALLEN BAKER." In his sole issue, Baker contends that the trial court erred in characterizing his Veteran's Administration ("VA") disability pay as community property and awarding Donovan half of it. He contends that veterans' disability benefits are not community property divisible upon divorce, but rather separate property under the Uniformed Services Former Spouses' Protection Act (USFSPA) and Supreme Court authority. *See* 10 U.S.C. § 1408 (2000); *Mansell v. Mansell*, 490 U.S. 581, 594–95, 109 S.Ct. 2023, 2032, 104 L.Ed.2d 675 (1989) (holding that "the Former Spouses' Protection Act does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits"). Thus, he contends, the trial court erred by failing to reduce the amount of his military benefits awarded to Donovan by the amount of the disability benefits he elected to receive in lieu of retirement benefits.

The majority correctly points out that the relief Baker seeks—characterization of a portion of his military benefits as his separate property and recalculation of the property settlement in the 1987 divorce decree—can only be considered upon the timely filing of a motion to modify the

decree and that Baker, having failed to timely challenge the incorrect division of property in the divorce decree through appeal cannot attack it by a "motion for clarification." However, this Court's holding requires more of an explanation than the majority accords it.

In *Berry v. Berry*, the Supreme Court of Texas considered whether *Mansell* permitted modification of a property settlement that had become final prior to the enactment of the USFSPA. 786 S.W.2d 672 (Tex.1990). The court held that although divorce judgments that are regular on their face may be erroneous or voidable, they are not subject to collateral attack. *Id.* at 673. Thus, "the subsequent adoption of the USFSPA [could] not be used to collaterally attack the Berrys' final divorce decree." *Id.* Subsequently, the Austin Court of Appeals held that a judgment that awarded a former wife a portion of her former husband's military pension benefits gave her a vested right in that portion, and thus the doctrine of res judicata barred him from reopening the issue of whether she possessed that right. *Trahan v. Trahan*, 894 S.W.2d 113, 117–18 (Tex.App.-Austin 1995, writ denied). The court pointed out that private rights that have become vested under a judgment cannot be taken away by a subsequent legislative act without compensation. *Id.* at 118. It reaffirmed earlier Texas holdings that "military retire[ment] pay is subject to division upon divorce as a vested community property right even if the present right to the pay had not fully matured" at the time of the divorce. *Id.* at 119; *see also Taggart v. Taggart*, 552 S.W.2d 422, 423 (Tex.1977); *Brannon v. Randmaa*, 736 S.W.2d 175, 177 (Tex.App.-Austin 1987, writ denied). Thus, an amendment to the USFSPA that intended to make the USFSPA retroactive to divorces occurring before June 25, 1981 had no effect to alter a divorce decree; rather, it was prohibited from doing so by article I, section 16, of the Texas Constitution, which prohibits retroactive laws. *See Trahan*, 894 S.W.2d at 118.

Here, likewise, Donovan's 50% interest in Baker's military retirement benefits became a vested right in the final divorce decree that issued in 1987. Even though the trial court improperly awarded Donovan benefits that, by statute, were Baker's separate property, Baker did not timely complain. Under *Berry* and its progeny, the division of property in the divorce decree is *res judicata*, and the property may not now be reapportioned. *See Berry*, 786 S.W.2d at 673; *Trahan*, 894 S.W.2d at 119; *Jones v. Jones*, 900 S.W.2d 786, 787–88 (Tex.App.-San Antonio 1995, writ denied) (holding that res judicata barred former husband's collateral attack on final unappealed divorce decree entitling former wife to portion of military retirement pay when husband argued that disability benefits he accepted in lieu of retirement benefits were not subject to division). I, therefore, concur with the majority that the judgment of the trial court should be affirmed.