Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# OPINION

No. 04-09-00119-CV

Kevin Scott **GILLIN**,
Appellant

v.

Lori Ann **GILLIN**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-0154-CV
Honorable Linda Z. Jones, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   December 2, 2009

AFFIRMED AS MODIFIED

Kevin Scott Gillin appeals a divorce decree, complaining that two provisions of the incorporated domestic relations order improperly restrict his right to elect military disability benefits and waive military retirement pay. We modify the decree and affirm it as modified.

## BACKGROUND

Kevin and Lori Ann Gillin were married in 2004. During the marriage, Kevin served four years and one month of military service out of a total of twenty-five years and one month of military service. After retiring from the military, Kevin and Lori divorced and the trial court rendered a final divorce decree and a separate domestic relations order, which was incorporated into the decree by reference.[1] Kevin contends two provisions of the domestic relations order impermissibly interfere with his right to elect disability benefits. First, Kevin asserts the following language of the domestic relations order improperly prohibits him from waiving retired pay in exchange for disability benefits:

> IT IS FURTHER ORDERED AND DECREED that any election of benefits that may hereafter be made by SERVICE MEMBER shall not reduce the amount of the retired pay that the Court has herein awarded to FORMER SPOUSE. In this regard, IT IS FURTHER ORDERED AND DECREED that SERVICE MEMBER shall not merge his military retired pay with any other pension and/or shall not waive any portion of his military retired pay in order to receive disability pay and/or shall not pursue any course of action which would defeat, reduce or limit FORMER SPOUSE's right to receive FORMER SPOUSE's full separate property share of SERVICE MEMBER's retired pay as awarded herein, unless otherwise ordered herein.

Second, Kevin argues the language of the following paragraph interferes with his right to waive retired pay because it sets a minimum of $227.99 per month to be paid to Lori as her share of his disposable monthly retired pay:

> IT IS THEREFORE ORDERED AND DECREED that FORMER SPOUSE have judgment against and recover from SERVICE MEMBER the sum equal to 8.1395% of SERVICE MEMBER's disposable retired pay as hereinabove defined, that is, to exclude deduction/reduction for the monthly SBP premium, payable IF, AS and WHEN received by SERVICE MEMBER. IT IS FURTHER ORDERED AND DECREED that the award herein shall in no event be less than $227.99 per month of the disposable retired pay of SERVICE MEMBER. The Court recognizes, in making

---

[1] The parties did not agree to the language of the divorce decree or domestic relations order.

this award, that the DFAS,[2] pursuant to the USFSPA, is only authorized to pay FORMER SPOUSE the herein awarded percentage of SERVICE MEMBER'S "disposable retired pay," and this Order, as to the DFAS, should be thusly construed.

## DISCUSSION

State courts may divide military retired pay only as authorized by the Uniformed Services Former Spouses' Protection Act ("USFSPA"). *See* 10 U.S.C.A. § 1408(c)(1) (West 1998); *Mansell v. Mansell*, 490 U.S. 581, 589 (1989). Under the USFSPA, a divorce court may treat military retirement pay as marital property subject to division in accordance with the law of the jurisdiction. 10 U.S.C. § 1408(c)(1); *see Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Cameron v. Cameron*, 641 S.W.2d 210, 212-13 (Tex. 1982).  However, only "disposable retired pay" can be apportioned by a divorce court.  10 U.S.C.A. at § 1408(c)(1); *see Mansell,* 490 U.S. at 585-86; *Wallace v. Fuller*, 832 S.W.2d 714, 719 (Tex. App.—Austin 1992, no writ); *Gallegos v. Gallegos*, 788 S.W.2d 158, 160 (Tex. App.—San Antonio 1990, no writ). "Disposable retired pay" is defined to exclude disability pay, including retirement benefits that may be waived in order to collect disability benefits. 10 U.S.C.A. at § 1408(a)(4)(C); *see Thomas v. Piorkowski,* 286 S.W.3d 662, 666 (Tex. App.—Corpus Christi 2009, no pet.); *Limbaugh v. Limbaugh,* 71 S.W.3d 1, 16-17 (Tex. App.—Waco 2002, no pet.). A divorce court cannot apportion military retirement pay which has been waived to receive Veterans Administration disability benefits. *Mansell*, 490 U.S. at 594-95.

Additionally, a divorce decree cannot restrict a service member's future right to waive retirement and elect disability Veteran's Administration benefits. *Ex parte Burson*, 615 S.W.2d 192, 196 (Tex. 1981)(orig. proceeding); *Freeman v. Freeman,* 133 S.W.3d 277, 280 (Tex. App.—San

---

[2] DFAS is defined in the domestic relations order as "the Secretary of the Department of Defense and/or the Director, DFAS and/or the Secretary of the Army, or his/her/its designated agent and/or other appropriate and/or cognizant subdivision(s) of the United States Government."

Antonio 2003, no pet.); *Limbaugh v. Limbaugh,* 71 S.W.3d 1, 17 (Tex. App.—Waco 2002, no pet.). Military retirement pay, even after it is a vested right and part of the community, is subject to defeasance. *Burson*, 615 S.W.2d at 196; *Freeman,* 133 S.W.3d at 28; *Limbaugh,* 71 S.W.3d at 17. A divorce decree cannot prohibit a military retiree from doing that which the federal law gives him or her the right to do. *Burson*, 615 S.W.2d at 196; *Freeman,* 133 S.W.3d at 280; *Limbaugh,* 71 S.W.3d at 17.

When a retirement plan is fully matured at the time of divorce, Texas courts apply a formula to determine the extent of the community estate's interest in the retired pay. *See Taggart v. Taggart*, 552 S.W.2d 422, 424 (Tex. 1977), *modified by Berry v. Berry*, 647 S.W.2d 945, 947 (Tex. 1983); *Limbaugh,* 71 S.W.3d at 16 n.12. Under the formula, the community interest is calculated by dividing the number of months the parties were married during the employee spouse's employment by the total number of months of service of the employee spouse. *Taggart*, 552 S.W.2d at 424; *Limbaugh,* 71 S.W.3d at 17. The resulting percentage represents the community estate's interest in the retirement benefits. *Taggart*, 552 S.W.2d at 424; *Limbaugh,* 71 S.W.3d at 16 n.12.

The first provision of the domestic relations order provides that any election of benefits that may be made by Kevin "shall" not reduce the amount of retired pay awarded to Lori, and specifically prohibits Kevin from waiving military retired pay in order to receive disability benefits. The trial court erred in restricting Kevin's right to elect disability. *See Burson*, 615 S.W.2d at 196; *Freeman,* 133 S.W.3d at 280; *Limbaugh,* 71 S.W.3d at 17. Accordingly, the decree must be modified by deleting the paragraph in its entirety.

The second provision of the domestic relations order at issue awarded Lori an 8.1395% interest in Kevin's retired pay if, as, and when received by him. The domestic relations order further

provided that in no event should Lori receive less than $227.99 as her share of Kevin's monthly disposable retired pay. Kevin does not dispute Lori's award of 8.1395% of his disposable retired pay. Rather, he complains that the award of a minimum of $227.99 precludes him from waiving retired pay and electing disability. We disagree.

The award of a minimum amount does not restrict Kevin's right to waive retired pay in order to receive disability benefits. The domestic relations order provides that Lori is to receive either 8.1395% or $227.99 of disposable retired pay if, as, and when received by Kevin. The domestic relations order distributes only military retirement pay. The amount of Kevin's retired pay Lori receives is dependent on the amount of available retired pay. As long as there is disposable retired pay available, Lori will receive either $227.99 or 8.1395% of the pay, whichever is higher. Lori's portion of Kevin's retired pay is derived solely from Kevin's disposable retired pay, therefore, she can only receive what is available. If Kevin's retired pay is reduced to zero because he elects disability benefits, Lori will receive nothing. The language in this paragraph does not restrict Kevin's right to make such an election.

We affirm the final divorce decree as modified.


Steven C. Hilbig, Justice